RAFAEL DEL VALLE ZENO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, DOMINGO SEPÚLVEDA, JUDGE, and JESÚS MARÍA ROSSY, Respondents.

No. 37. Submitted March 10, 1926.—Decided March 11, 1926.

*Jacinto Texidor, J. Martínez Dávila, J. H. Brown* and *M. Rodríguez Serra* for the petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

A writ of prohibition will not issue in this case. On the 10th day of November, 1925, this court rendered judgment

interpreting a contract and saying that the complainant had a right to go on with his suit of unlawful detainer. The case went back to the district court which rendered a judgment of ouster on the 29th day of December, 1925. The defendant, in our opinion, mistook his right and failed to make a certain deposit necessary for an appeal and the appeal from the judgment in the unlawful detainer case had to be dismissed.

A judgment in an unlawful detainer case always fixes a time in which the defendant must vacate the premises and twenty days was the time fixed here, exact dates not being important at this juncture and they are not clearly set forth in the petition. At or before the time fixed for the execution of the judgment on the 25th day of February, 1926, the defendant presented a special motion to the District Court of San Juan. The defendant maintained that the law of the case was the contract between the parties and that in the said contract the parties had agreed:

"Eleventh: At the expiration of the period of this contract and that of its extension, if any, Mr. Valle Zeno shall have two months to remove from the leased premises the machinery he may have installed, paying to Mr. Rossy the rent in the same manner as provided in the fifth clause, for the said two months."

The defendant insisted that the time for vacating the premises should be extended to two months in accordance with the terms of the contract. The defendant amplified his said motion to draw attention of the court below that it had probably issued its order of execution upon the theory that the judgment of ouster had become executionable by reason of the dismissal of the appeal while, according to petitioner, the fact was that at the time of the issuance of said order of execution a motion for reconsideration was pending in this court which suspended the jurisdiction of the district court.

We may interrupt our narration of the facts of the

case to say that the records of this court show that at the time of the motion for reconsideration the mandate of this court dismissing the appeal was already in the possession of the district court and that the said mandate transferred the jurisdiction to that court. 2 R.C.L. 175, memorandum and judgment of this court of March 10, 1926, in the case of *Royal Bank of Canada* v. *Goico*. It would have been necessary to recall the mandate.

Likewise we doubt whether any motion of reconsideration of itself would destroy the right of execution once attaching. The executionable quality of a judgment in Porto Rico, it seems, becomes fixed by the judgment of this court and not by the return of the mandate. The right of execution in general in the United States is only suspended by a supersedeas.

The motion of February 25th as amplified was on the 5th of March, 1926, overruled by the district court and the defendant appealed. The complainant came into court and asked for an immediate execution, averring that the order overruling the motion of February 25th was not appealable. The judge took the matter under advisement and had not decided the same when this petition for a writ was presented.

The petitioner maintains that the only proper tribunal to decide whether an appeal lies is the court to which the appeal is taken and asks for a writ of prohibition. The prayer of the petition is solely and exclusively that the judge be ordered to abstain from any new steps with respect to the order of March 5, 1926, denying the amplified motion of February 25, 1926.

Technically, if we should issue the writ as prayed for, it would not in any wise prevent an execution, if the complainant was right in maintaining that the order of March 5th was not appealable. If the judge, correctly or incorrectly, was convinced that the order was not appealable the order of prohibition would not stop the execution. It would

only stop the judge from considering whether the order was or was not so appealable.

■ The substantial matter that the petitioner sought to reach was that the court had no right to execute the judgment of ouster, pending the appeal from the order of March 5th. The theory of the complainant probably was that the said order was not appealable because it did not fall within the class of proceedings known for the purposes of appeal as "orders after judgment." The jurisprudence of this court and of California is clear that matters necessarily comprehended in the judgment must be reached by an appeal from the said judgment. and if presented afresh by motions the orders on said motions are not appealable. Otherwise, a successful litigant could be forever vexed with appeals. If the orders on said motions do not fall within the class mentioned they may be considered as nullities. A judge of a court if thoroughly convinced that a proceeding is a nullity may proceed, disregarding it. Otherwise, the period of the execution of a judgment would never enter.

The question therefore remains whether the appeal was or was not from an "order after judgment," as recognized by the law and the jurisprudence. There was a judgment of ouster which fixed a time for execution. The time of execution was thus fixed by the judgment itself and became final. Any attempt to fix any other date was to depart from something necessarily included in the judgment correctly or incorrectly rendered.

■ Perhaps there is even a more important consideration. As all the facts of the unlawful detainer suit are not set forth in the petition, at this moment we are not conscious of and possibly can not know the grounds on which the complainant prevailed in obtaining in the court below his judgment of unlawful detainer. A consideration of the merits of the appeal from the judgment for complainant was never reached. Nevertheless that judgment was a complete estoppel

against the defendant for all matters that could have been defended in said suit. It may have been that the clause of the contract quoted by petitioner was rendered nugatory or varied by some other clause of the contract. Even more than this is the conclusion that when a defendant defaults in the performance of a contract and the complainant is invoking penalties for such defaults and a cancellation of the contract the period of the maturity of the contract does not arrive. If the defendant failed to live up to some clause of the contract of lease giving the complainant a right of ouster the expiration of the term granted, we think, never arrived. At best the two months could only be said to run from the moment that the default arose and the complainant notified defendant thereof and asked for the delivery of the premises, perhaps from the filing of the complaint herein.

There is properly no "order after judgment" and the petition will be denied.